LAMBERT, D., JUDGE:
Johnathan Masters challenges the constitutionality of Kentucky Revised Statutes (KRS) 161.190, a Kentucky statute addressing teacher abuse. The Breckinridge District Court held the statute constitutional, and the Breckinridge Circuit Court affirmed. This Court granted discretionary review and now affirms.
I. BACKGROUND
In December 2014, Masters got into a verbal disagreement with Keith Haynes, the principal of Clover Independent Schools. The disagreement took place in the foyer of the school building after Haynes reneged on a deal to help Masters, a graduate school student, complete a school project.
During the disagreement, Haynes asked Masters to leave the school premises multiple times. Masters responded by calling Haynes a profane name and proposing that the two resolve their differences by fighting outside. Specifically, Masters invited Haynes to meet him outside so he could "kick [Haynes'] ass." Masters left after Haynes declined the invitation.
*460 Once Masters was off campus, Haynes placed the school in a temporary lock down. Haynes also contacted the Breckinridge County Attorney's office to have a criminal complaint issued. Masters was charged with violating KRS 161.190, a misdemeanor offense, two days later. The full text of the statute reads as follows:
Whenever a teacher, classified employee, or school administrator is functioning in his capacity as an employee of a board of education of a public school system, it shall be unlawful for any person to direct speech or conduct toward the teacher, classified employee, or school administrator when such person knows or should know that the speech or conduct will disrupt or interfere with normal school activities or will nullify or undermine the good order and discipline of the school.
KRS 161.190.
In the subsequent criminal proceedings, Masters filed a motion challenging the constitutionality of KRS 161.190.[1] The statute, from Masters' perspective, punished more behavior than necessary, did not define some of its key terms, and chilled otherwise protected speech. The district court denied the motion. A jury ultimately found Masters guilty of the offense, and he was fined $500.
Following his conviction and sentence, Masters appealed the case to the circuit court. He once again argued that KRS 161.190 was unconstitutional. The circuit court disagreed and explained in a thorough opinion and order that the statute was neither overbroad nor vague. The circuit court also ruled that the words Masters used were not protected speech, but "fighting words" under Chaplinsky v. State of New Hampshire , 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942). This Court granted Masters' motion for discretionary review.
II. STANDARD OF REVIEW
Whether a criminal statute is constitutional is a legal question for courts to review de novo. Wilfong v. Commonwealth , 175 S.W.3d 84, 95 (Ky. App. 2004).
III. DISCUSSION
Masters urges this Court to declare KRS 161.190 unconstitutional on several grounds. He first claims the statute offends due process because its language is too vague to notify a person of ordinary intelligence when it is applicable. He then claims the statute is overly broad because it criminalizes speech and conduct protected by the First Amendment. From there, Masters claims the statute was also unlawfully applied against him. Masters maintains the particular words he used during the disagreement were protected by the First Amendment. For the following reasons, we disagree.
1. KRS 161.190 is not unconstitutionally vague
"The root of the vagueness doctrine is a rough idea of fairness." Colten v. Kentucky , 407 U.S. 104, 110, 92 S.Ct. 1953, 1957, 32 L.Ed.2d 584 (1972). The simple idea is "that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." United States v. Harriss , 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954).
Here, the statute authorizes conviction for directing speech toward a school administrator that will reasonably disrupt normal school activities. Standing in the schoolhouse foyer and angrily offering to fight the principal while class is in session *461 is conduct that will disrupt day-to-day school activities. Accordingly, Masters should have understood that he could be convicted under KRS 161.190.
2. KRS 161.190 is neither overbroad nor unconstitutional as-applied
"[A] statute is overbroad if in an effort to control impermissible conduct, the statute also prohibits conduct which is constitutionally permissible." State Bd. for Elementary and Secondary Educ. v. Howard , 834 S.W.2d 657, 662 (Ky. 1992). A statute challenged as overbroad must be construed in a manner that "avoid[s] constitutional problems...." Martin v. Commonwealth , 96 S.W.3d 38, 54 (Ky. 2003) (quoting New York v. Ferber , 458 U.S. 747, 769 n. 24, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982) ). In the free speech context, this means courts must construe the challenged statute so that only unprotected speech is punished. See Commonwealth v. Ashcraft , 691 S.W.2d 229, 231 (Ky. App. 1985) (holding KRS 161.190 's predecessor statute unconstitutional).
Under the First Amendment, "words which merely offend, disgrace, anger or frustrate may not be prohibited in violation of one's right to freedom of speech." Id. (citing Lewis v. City of New Orleans , 415 U.S. 130, 94 S.Ct. 970, 39 L.Ed.2d 214 (1974) ). On the other hand, "fighting words" or those "which by their very utterance inflict injury or tend to incite an immediate breach of the peace" are unprotected. Id. (quoting Chaplinsky , 315 U.S. at 573, 62 S.Ct. 766 ). Moreover, restrictions on the time, place, or manner of speech violate the First Amendment if they are content-based and fail intermediate scrutiny-that is, the restrictions target expression and do not achieve a substantial governmental interest through reasonably limited means. Blue Movies, Inc. v. Louisville/Jefferson County Metro Government , 317 S.W.3d 23, 29 (Ky. 2010).
Here, the statute is a proper time-place-manner restriction and not overbroad. The statute does not seek to suppress expression, but rather attempts to preserve a suitable learning environment by curbing unreasonable, and potentially dangerous, disruptions to routine school operations. Construing the plain text of KRS 161.190 narrowly, students, parents, and members of the public may still reasonably express frustration with school employees, even during the school day. They may also express their concerns through traditional means such as meeting with school administrators, attending school board meetings, participating in parent-teacher conferences, and wearing black arm bands. See Tinker v. Des Moines Independent Community School Dist. , 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969). An example of what they cannot do, however, is express their frustrations the way Masters did. Although Masters was upset with Haynes and likely exempt from criminal prosecution for merely calling Haynes a vulgar or derogatory name in light of Ashcraft , supra , Masters did not engage in protected speech when he challenged Haynes to fight. Angrily telling someone you are going to physically harm them is precisely the type of speech that would incite a reasonable person to violence. Not only that, such a threat of physical force against a principal during the school day foreseeably triggers a safety protocol which disrupts the orderly function of the classroom. Accordingly, KRS 161.190 is constitutional and the order of the Breckinridge Circuit Court is affirmed.
ALL CONCUR.

He also served the Kentucky Attorney General pursuant to KRS 418.075(1).